UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CHRISTOPHER D. HANSON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cr-00054-LK<br><br>ORDER CONTINUING TRIAL AND GRANTING MOTION TO SEAL SUPPORTING DECLARATION |

　　　This matter comes before the Court on Defendant Christopher Hanson's Unopposed Motion to Continue Trial Date. Dkt. No. 66. Mr. Hanson seeks to continue his trial from June 9, 2025 to February 9, 2026, and to continue the pretrial motions deadline to a date convenient to the Court. *Id.* at 1, 3. The Government agrees to the motion. *Id.* at 1. Defense counsel filed a sealed declaration in support of the motion, as well as an associated Motion to Seal. Dkt. Nos. 67–68.

　　　On March 21, 2024, a federal grand jury indicted Mr. Hanson on one count of Possession of a Controlled Substance with Intent to Distribute and one count of Unlawful Possession of a

ORDER CONTINUING TRIAL AND GRANTING MOTION TO SEAL SUPPORTING DECLARATION - 1

1  Firearm. Dkt. No. 14 at 1–2; *see* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 922(g)(1). He is
2  currently detained, Dkt. Nos. 47–48, and has pleaded not guilty to both counts, Dkt. No. 20.

3        On November 21, 2024, Magistrate Judge Tsuchida granted prior defense counsel's motion
4  to withdraw due to a conflict, and shortly thereafter new defense counsel was appointed. Dkt. No.
5  66 at 2; *see also* Dkt. Nos. 56–57. Mr. Hanson's counsel "has received a large amount of discovery
6  from the Federal Public Defender's office, and has worked diligently to review it." Dkt. No. 66 at
7  2. However, he represents that he "needs additional time to review discovery with Mr. Hanson and
8  advise him on his options for trial and/or resolution." *Id.* Further, previously there existed the
9  "possibility of a global resolution with other pending charges in state court," necessitating
10 coordinated review of information pertaining to all charges at the time. *Id.* However, "[t]hose state
11 charges have now been dismissed," shifting "the complexion of the case" in such a way as to
12 "require additional discussion of strategy with Mr. Hanson to re-evaluate risks and options in light
13 of the changed landscape." *Id.* Defense counsel further attests that he "is committed to teaching a
14 course at the University of Washington School of Law during fall quarter and is thus unable to set
15 a trial between September and December." *Id.* at 2–3. As Mr. Hanson attests in his motion, the
16 United States agrees that "the length of the requested continuance is likewise appropriate" under
17 the circumstances. *Id.* at 3. Mr. Hanson has filed a speedy trial waiver waiving his right to a speedy
18 trial through March 11, 2026. Dkt. No. 66-1 at 1.

19       Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by
20 granting a continuance outweigh the best interest of the public and Mr. Hanson in any speedier
21 trial. Specifically, and having reviewed all materials in support of the motion, including defense
22 counsel's declaration filed under seal, Dkt. No. 68, the Court finds that failure to grant the
23 requested continuance would likely result in a miscarriage of justice and would deny defense
24 counsel the reasonable time necessary for effective preparation, taking into account the exercise

ORDER CONTINUING TRIAL AND GRANTING MOTION TO SEAL SUPPORTING DECLARATION - 2

of due diligence, due to counsel's need for more time to review discovery, determine strategy, consult with Mr. Hanson, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Hanson adequate time to accomplish the above tasks.

Further, the Court finds that Mr. Hanson's Motion to Seal his attorney's supporting declaration, Dkt. No. 67, is meritorious. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)). Here, as Mr. Hanson's counsel explains, the declaration filed under seal "contains sensitive and attorney-client information[.]" Dkt. No. 67. After reviewing the declaration, the Court finds that an adequate showing has been made as to why it should remain under seal.

For the reasons outlined above, the Court GRANTS the Motion to Continue Trial, Dkt. No. 66, and ORDERS that the trial date for Mr. Hanson shall be continued from June 9, 2025 to February 9, 2026, and that the pretrial motions deadline shall be continued to December 15, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Hanson's trial must commence under the Speedy Trial Act. In addition, the Motion to

1  Seal defense counsel's declaration, Dkt. No. 67, is GRANTED. The declaration, Dkt. No. 68, will

2  remain under seal.

3      Dated this 30th day of April, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge